```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

```
IN RE: COMPLAINT OF
OLD TESTAMENT FISHERIES, LLC,
AND ATLANTIC CAPES FISHERIES, INC. AS        CIVIL ACTION NO.
OWNER AND OWNER PRO HAC VICE OF F/V          19-10587-DPW
SEA STAR, FOR EXONERATION FROM OR
LIMITATION OF LIABILITY
```

### REPORT AND RECOMMENDATION RE:
### MOTION TO DISMISS THE CLAIM OF BRECK HOLDREDGE
### PURSUANT TO FED. R. CIV. P. 12(B)(6)
### (DOCKET ENTRY # 25)

**July 7, 2020**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss a claim filed by claimant Breck Holdredge ("Holdredge") in this admiralty exoneration from and limitation of liability proceeding. (Docket Entry # 25). Citing Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims ("Rule F(5)"), petitioners Old Testament Fisheries, LLC and Atlantic Capes Fisheries, Inc. ("petitioners") seek a dismissal under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") of all four counts in the claim. After conducting a hearing on July 2, 2020, this court took the motion (Docket Entry # 25) under advisement.

<u>STANDARD OF REVIEW</u>

Rule F(5) requires that, "Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." Rule F(5),

Supplemental Rules for Admiralty or Maritime Claims.  "Courts presented with a challenge to the sufficiency of a Supplemental Rule F(5) claim" analyze "the motion under Rule 12(b)(6)." Walker v. Mead, Case No. 6:13-cv-1894-ORL-36GLK, 2014 WL 2968405, at *3 (M.D. Fla. June 30, 2014) (collecting authority).  In order for a party to "survive a motion to dismiss, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  In re ARIAD Pharms., Inc. Sec. Litig., 842 F.3d 744, 756 (1st Cir. 2016) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "[W]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

For reasons stated by petitioners (Docket Entry ## 26, 46), Counts I and II in the claim filed by Holdredge (Docket Entry # 19) do not satisfy the foregoing standard because they fail to: (1) plausibly articulate personal injuries that Holdredge sustained; (2) plausibly articulate the negligence on the part of petitioners, his alleged employers; and (3) plausibly set out the unseaworthiness of the F/V Sea Star ("the Vessel").  Rather, the claim merely states that Holdredge "sustained personal injuries" while performing his duties in the service of the Vessel on

2

February 14, 2018, and that such injuries were "caused by the negligence of [petitioners]" and/or "the Unseaworthiness of [the Vessel]." (Docket Entry # 19, ¶¶ 11, 16, 20).

Turning to Counts III and IV, petitioners argue that the counts are deficient for the same reasons, including the failure to plausibly articulate personal injuries. (Docket Entry # 26, p. 7). These counts do not set out any additional facts relative to Holdredge sustaining personal injuries. Hence, they fail to satisfy Rule 12(b)(6).[1] Petitioners' additional contention that Counts III and IV fail to state that Holdredge incurred expenses for maintenance and cure in light of an arrest on August 18, 2018, is not convincing because the arrest took place months after Holdredge purportedly sustained personal injuries on February 14, 2018, and the claim states that Holdredge "has incurred . . . expenses for his maintenance and cure." (Docket Entry # 19, ¶¶ 24, 26).

Separately, petitioners' acknowledged noncompliance with LR. 7.1 does not warrant denying the motion for reasons stated by petitioners in the reply brief. (Docket Entry # 46, pp. 1-2). Petitioners also make a brevis request to dismiss the claim "under Fed. R. Civ. P. 37" because Holdredge failed "to respond

---

[1] It is therefore not necessary to address petitioners' Fed. R. Civ. P. 8(a) argument. Because this court did not rely on an affidavit (Docket Entry # 26-8), which Holdredge seeks to strike (Docket Entry # 27, p. 7), it is not necessary to address Holdredge's request.

to written discovery" and comply with a scheduling order. (Docket Entry # 26, p. 10).  Although Fed. R. Civ. P. 16(f) affords this court discretion to impose the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A), which include a dismissal, the requested dismissal with prejudice is too severe and prejudicial under the circumstances and the oversights are not deliberate. See generally Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010) (citing Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996)).  Coupled with the preference to resolve cases on their merits, the requested dismissal with prejudice is not appropriate, and this court is recommending the equivalent of a lesser sanction of a dismissal unless Holdredge files an amended claim on or before July 23, 2020.

As a final matter, Holdredge seeks an opportunity to amend the claim (Docket Entry # 27, p. 5) and provides additional facts at least to support the existence of personal injuries (Docket Entry # 27-1).  Leave to amend the claim is therefore warranted. See In re Montreal, Me. & Atl. Ry., Ltd., 888 F.3d 1, 12-13 (1st Cir. 2018); E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Assen, Inc., 357 F.3d 1, 8 (1st Cir. 2004) (recognizing that courts allow leave to amend after "dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay"); see also Walker v. Mead, 2014 WL 2968405, at *1, *4 (dismissing negligence claim

while allowing leave to amend).

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[2] that the motion to dismiss (Docket Entry # 25) be **ALLOWED** unless Holdredge files an amended claim on or before July 23, 2020, curing the deficiencies.

                                        /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection should be included.  See Fed. R. Civ. P. 72(b).  The written objections must specifically identify the portion of the Report and Recommendation to which objection is made.  Any party may respond to another party's objections within 14 days after being served with a copy of the objections.  Failure to file objections within the specified time waives the right to appeal the order.